UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 410
Melville, NY 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    PAUL J. SIEGEL (PS2245)
    WENDY J. MELLK (WM1515)

---------------------------------------------------------------X

SABIR SALEH, Individually and on Behalf of
All Other Persons Similarly Situated,

    Plaintiffs,

-against-

ESPLANADE 94, LLC, THE ALEXANDER
HOTEL, ALEXANDER SCHARFUENCH
and JOHN DOES #1-10, Jointly and Severally

    Defendants.

---------------------------------------------------------------X

Civil Action No.: 08 CV 5517 (CM)

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANTS**

TO:    BRENT E. PELTON, ESQ. (BP1055)
        PELTON SERPE, LLP
        111 Broadway, 9th Floor
        New York, NY 10006
        (212) 725-3600

        Defendants Esplanade 94, LLC and Defendants "The Alexander Hotel" and "Alexander Scharfuench", sued herein incorrectly, (collectively referred to as "Defendants"), by and through their attorneys Jackson Lewis LLP, for their Answer to the Class and Collective Action Complaint (the "Complaint") respectfully alleges as follows:

## AS TO AND FOR "PRELIMINARY STATEMENT"

1. Defendants deny each and every allegation contained in Paragraph "1" of the Complaint. Defendants explicitly deny that Plaintiff is entitled to any relief whatsoever or that the matter should proceed as a collective action.

2. Defendants deny each and every allegation contained in Paragraph "2" of the Complaint. Defendants explicitly deny that Plaintiff is entitled to any relief whatsoever or that the matter should proceed as a class action.

## AS TO AND FOR "JURISDICTION AND VENUE"

3. The allegations contained in Paragraph "3" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "3" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as set forth in this Paragraph.

4. The allegations contained in Paragraph "4" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "4" of the Complaint.

5. The allegations contained in Paragraph "5" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

## AS TO AND FOR "THE PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Defendants admit the allegations contained in Paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in Paragraph "10" of the Complaint.

### AS TO AND FOR "COLLECTIVE ACTION ALLEGATIONS"

11. Defendants deny each and every allegation contained in Paragraph "11" of the Complaint, except admit that Plaintiff purports to bring claims on behalf of himself and similarly-situated persons within the past three years as set forth in this Paragraph. Defendants explicitly deny that Plaintiff is entitled to any relief whatsoever or that the matter should proceed as a collective action.

12. Defendants deny each and every allegation contained in Paragraph "12" of the Complaint.

13. Defendants deny each and every allegation contained in Paragraph "13" of the Complaint.

14. Defendants deny each and every allegation contained in Paragraph "14" of the Complaint.

15. Defendants deny each and every allegation contained in Paragraph "15" of the Complaint.

(a) Defendants deny each and every allegation contained in Paragraph "15(a)" of the Complaint.

(b) Defendants deny each and every allegation contained in Paragraph "15(b)" of the Complaint.

(c) Defendants deny each and every allegation contained in Paragraph "15(c)" of the Complaint.

(d) Defendants deny each and every allegation contained in Paragraph "15(d)" of the Complaint.

(e) Defendants deny each and every allegation contained in Paragraph "15(e)" of the Complaint.

(f) Defendants deny each and every allegation contained in Paragraph "15(f)" of the Complaint.

(g) Defendants deny each and every allegation contained in Paragraph "15(g)" of the Complaint.

(h) Defendants deny each and every allegation contained in Paragraph 15(h)" of the Complaint.

16. Defendants deny each and every allegation contained in Paragraph "16" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's knowledge.

## AS TO AND FOR "CLASS ALLEGATIONS"

17. Defendants deny each and every allegation contained in Paragraph "17" of the Complaint, except admit that Plaintiff purports to represent a class of individuals. Defendants explicitly deny that Plaintiff is entitled to any relief whatsoever or that the matter

should proceed as a class action.

18. Defendants deny each and every allegation contained in Paragraph "18" of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph "19" of the Complaint.

20. Defendants deny each and every allegation contained in Paragraph "20" of the Complaint.

21. Defendants deny each and every allegation contained in Paragraph "21" of the Complaint.

22. Defendants deny each and every allegation contained in Paragraph "22" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's actions or intentions.

23. Defendants deny each and every allegation contained in Paragraph "23" of the Complaint.

24. Defendants deny each and every allegation contained in Paragraph "24" of the Complaint.

    (a) Defendants deny each and every allegation contained in Paragraph "24(a)" of the Complaint.

    (b) Defendants deny each and every allegation contained in Paragraph "24(b)" of the Complaint.

    (c) Defendants deny each and every allegation contained in Paragraph "24(c)" of the Complaint.

    (d) Defendants deny each and every allegation contained in

should proceed as a class action.

18. Defendants deny each and every allegation contained in Paragraph "18" of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph "19" of the Complaint.

20. Defendants deny each and every allegation contained in Paragraph "20" of the Complaint.

21. Defendants deny each and every allegation contained in Paragraph "21" of the Complaint.

22. Defendants deny each and every allegation contained in Paragraph "22" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's actions or intentions.

23. Defendants deny each and every allegation contained in Paragraph "23" of the Complaint.

24. Defendants deny each and every allegation contained in Paragraph "24" of the Complaint.

(a) Defendants deny each and every allegation contained in Paragraph "24(a)" of the Complaint.

(b) Defendants deny each and every allegation contained in Paragraph "24(b)" of the Complaint.

(c) Defendants deny each and every allegation contained in Paragraph "24(c)" of the Complaint.

(d) Defendants deny each and every allegation contained in

Paragraph "24(d)" of the Complaint.

   (e)  Defendants deny each and every allegation contained in Paragraph "24(e)" of the Complaint.

   (f)  Defendants deny each and every allegation contained in Paragraph "24(e)" of the Complaint.

   (g)  Defendants deny each and every allegation contained in Paragraph "24(e)" of the Complaint.

   (h)  Defendants deny each and every allegation contained in Paragraph "24(e)" of the Complaint.

### AS TO AND FOR "STATEMENT OF FACTS"

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. Defendants deny each and every allegation contained in Paragraph "27" of the Complaint, except aver that Plaintiff was employed by Defendant Esplanade.

28. Defendants deny each and every allegation contained in Paragraph "28" of the Complaint.

29. Defendants deny each and every allegation contained in Paragraph "29" of the Complaint.

30. Defendants deny each and every allegation contained in Paragraph "30" of the Complaint.

31. Defendants deny each and every allegation contained in Paragraph "31" of the Complaint.

32. Defendants deny each and every allegation contained in Paragraph "32" of the Complaint.

33. Defendants deny each and every allegation contained in Paragraph "33" of the Complaint.

34. Defendants deny each and every allegation contained in Paragraph "34" of the Complaint.

35. Defendants deny each and every allegation contained in Paragraph "35" of the Complaint.

36. Defendants deny each and every allegation contained in Paragraph "36" of the Complaint, except deny knowledge or information sufficient to form a belief as to the knowledge possessed by Plaintiff or Plaintiff's counsel.

37. Defendants deny each and every allegation contained in Paragraph "37" of the Complaint.

38. Defendants deny each and every allegation contained in Paragraph "38" of the Complaint.

39. Defendants deny each and every allegation contained in Paragraph "39" of the Complaint.

### AS AND FOR "FIRST CLAIM FOR RELIEF"
### (FAIR LABOR STANDARDS ACT)

40. Defendants repeat and incorporate by reference all denials and other responses to the allegations contained in Paragraphs "1" thought "39" of the Complaint as if fully set forth at length herein.

41. The allegations contained in Paragraph "41" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42. The allegations contained in Paragraph "42" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph "42" of the Complaint, except admit that Plaintiff was employed by Defendant Esplanade.

43. Defendants deny the allegations contained in Paragraph "43" of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "44" of the Complaint, except admit Plaintiff's purported Consent is attached to his Complaint.

45. Defendants deny each and every allegation contained in Paragraph "45" of the Complaint.

46. Defendants deny each and every allegation contained in Paragraph "46" of the Complaint.

47. Defendants deny each and every allegation contained in Paragraph "47" of the Complaint.

48. Defendants deny each and every allegation contained in Paragraph "48" of the Complaint.

49. Defendants deny each and every allegation contained in Paragraph "49" of the Complaint.

### AS AND FOR "SECOND CLAIM FOR RELIEF"
### (NEW YORK LABOR LAW)

50. Defendants repeat and incorporate by reference all denials and other responses to the allegations contained in Paragraphs "1" thought "49" of the Complaint as if fully set forth at length herein.

51. Defendants deny the allegations contained in Paragraph "51" of the Complaint, but admit that Plaintiff was employed by Defendant Esplanade.

52. Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53. Defendants deny each and every allegation contained in Paragraph "53" of the Complaint.

54. Defendants deny each and every allegation contained in Paragraph "54" of the Complaint.

55. Defendants deny the allegations contained in Paragraph "55" of the Complaint.

### AS TO "PRAYER FOR RELIEF"

56. Defendants deny each and every allegation contained in the "PRAYER FOR RELIEF" and the "WHEREFORE" section thereof, including, but not limited to, the allegations, claims and contentions set forth in sub-paragraphs A. through F. thereof.

### AS TO "DEMAND FOR A JURY TRIAL"

57. Defendants deny that Plaintiffs are entitled to trial by jury to the extent sought in the Complaint.

### AS TO AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without

assuming any burden of production or proof that it would not otherwise have:

### AS TO AND FOR A FIRST AFFIRMATIVE DEFENSE

58. Plaintiff fails to state a claim upon which relief may be granted, either on his own behalf or on behalf of those persons whom he purports to represent.

### AS TO AND FOR A SECOND AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods.

### AS TO AND FOR A THIRD AFFIRMATIVE DEFENSE

60. This case may not be maintained as a collective action because the named Plaintiff is not similarly situated to or otherwise an adequate representative for the persons whom he purports to represent.

### AS TO AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

### AS TO AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

### AS TO AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. At all times relevant hereto, Defendants acted in good faith, with reasonable grounds for believing that Plaintiff was exempt from the overtime requirements of the FLSA, and did not violate any rights which may be secured to Plaintiff or to employees who are similarly situated under the Fair Labor Standards Act ("FLSA") or under law, rule or regulation and, inter alia, are not liable for liquidated damages.

### AS TO AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. Some or all of Plaintiff's claims are barred, in whole or in part, because he and any unnamed putative class members are exempt from the overtime obligations of the FLSA and New York law under one or more exemptions, or combination of exemptions, including but not limited to the administrative exemption, executive exemption, professional exemption, computer professional exemption and/or any other exemption codified at 29 U.S.C. § 203 or 29 U.S.C. § 207.

### AS TO AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands to the extent that Plaintiff violated Defendants' timekeeping and recordkeeping policies, including falsifying time records.

### AS TO AND FOR A NINTH AFFIRMATIVE DEFENSE

66. Plaintiff lacks standing to be and is not an adequate representative of the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

### AS TO AND FOR A TENTH AFFIRMATIVE DEFENSE

67. The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-Portal Act and the FLSA.

### AS TO AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

68. The Complaint is barred, in whole or in part, because Plaintiff failed to satisfy statutory or other prerequisites to proceed collectively under the FLSA.

### AS TO AND FOR A TWELFTH AFFIRMATIVE DEFENSE

69. This case is not appropriate for collective or class action status because the facts and law common to the case, if any, are insignificant compared to the individual

facts and issues particular to Plaintiff and to the purported collective/class action members.

### AS TO AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

70.  Plaintiff cannot establish or maintain a collective or class action because it cannot be demonstrated that a collective or class action is superior to other methods available for adjudicating any controversy.

### AS TO AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

71.  Plaintiff cannot establish and maintain a collective or class action because a problem of manageability would be created by reason of the complexity or proliferation of issues in the case, as well, *inter alia*, as the diversity of geographic dispersion of the putative collective action participants and their individual acts or omissions.

### AS TO AND FOR A FIFEENTH AFFIRMATIVE DEFENSE

72.  Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate their damages or otherwise avoid harm.

### AS TO AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

73.  Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

### AS TO AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

74.  Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

### AS TO AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

75.  The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

### AS TO AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

76. Any alleged failure to pay overtime wages, which Defendants deny were due inasmuch as Plaintiff and the putative collective and class action members were exempt, does not constitute a willful violation of the FLSA or other law.

### AS TO AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA.

### AS TO AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

78. Assuming, *arguendo*, that Plaintiff is entitled to any compensation for overtime, any time spent in any preliminary or postliminary activities by Plaintiff must be excluded from compensable hours of work.

### AS TO AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

79. To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

### AS TO AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

80. To the extent Plaintiff seeks to pursue this matter as a collective or class action, Plaintiff cannot establish and maintain a collective or Rule 23 class action under New York law because supplemental or pendent jurisdiction should not be exercised over those non-federal claims.

### AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE

81. To the extent any Plaintiff or putative Plaintiff is exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act, he or she is

not entitled to overtime compensation under the FLSA or under New York law pursuant, inter alia, to the New York Miscellaneous Wage Order.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

82. In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative defenses or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

83. To the extent Plaintiff seeks to pursue this matter as a collective or class action, this action cannot be certified and pendent or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claim because, inter alia, Plaintiffs seek to evade the prohibition against a class action resulting from Article 9 of the CPLR and, moreover, New York wage law is significantly different from the FLSA.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

84. Plaintiffs have been paid all wages due and, as such, cannot state a cause of action upon which relief could be granted.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

85. To the extent Plaintiffs seek to pursue this matter as a collective or class action, Plaintiff cannot maintain a class action under the New York Labor Law because said statute provides for an award of liquidated damages and, as such, Plaintiff is seeking a "penalty" which precludes pursuit of this claim as a class action under New York law.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

86. Claims against Defendant "Alexander Hotel" should be dismissed because, inter alia, said Defendant was not the employer of Plaintiff or putative class or

collective action members.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

87.   Claims against Defendant "Alexander Scharfuench" should be dismissed because, inter alia, said Defendant was not the employer of Plaintiff or putative class or collective action members.

### AS AND FOR A THIRTIETH-FIRST AFFIRMATIVE DEFENSE

88.   Claims against Defendant "Esplanade 94, LLC" should be dismissed because, inter alia, said Defendant was not the employer of some or all of the putative class or collective action members.

**WHEREFORE**, Defendants pray that the Court enter a judgment:

a.   dismissing the Complaint with prejudice;

b.   granting Defendants their costs, including attorneys' fees, incurred in this action; and

c.   granting such other and further relief as the Court may deem just and proper.

Dated:  Melville, New York
        July 31, 2008

Respectfully submitted,

JACKSON LEWIS LLP
ATTORNEYS FOR DEFENDANTS
58 S. Service Road, Suite 410
Melville, New York  11747
(631) 247 0404

By: _____s/_____
    Paul J. Siegel (PS2245)
    Wendy J. Mellk (WM1515)

I:\Clients\E\Esplanade-Saleh\Pleadings\Answer (2).doc

15

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, <u>ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF ALL DEFENDANTS</u>, was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

BRENT E. PELTON, ESQ.
PELTON SERPE, LLP
111 Broadway, 9th Floor
New York, NY 10006
(212) 725-3600
pelton@peltonserpe.com


_____s/_____
WENDY J. MELLK (WJM1515)

I:\Clients\E\Esplanade-Saleh\Pleadings\Answer (2).doc